**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JANE H.C. DOE,** | * | **CIVIL ACTION NO. 3:26-cv-00577** |
| | * | |
| *Plaintiff* | * | |
| | * | **SECTION:** |
| **VERSUS** | * | |
| | * | |
| **JOHN DOE CHURCH, JOHN DOE CHURCH** | * | |
| **CORPORATION,** | * | |
| **JOHN DOE WARD 1, JOHN DOE WARD 2,** | * | |
| **and JOHN/JANE DOES 1-20 AND XYZ DOE** | * | |
| **CORPRATIONS 1-20,** | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE***
**MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**
**[FILED CONCURRENTLY WITH COMPLAINT]**

---

## I.      INTRODUCTION

Plaintiff is an adult female who was a minor at the time of the sexual abuse alleged in the Complaint filed contemporaneously with this Motion. The name used by Plaintiff herein and in the Complaint is not Plaintiff's true name but is instead a fictitious name used to protect her identity. Good cause exists for permitting Plaintiff to proceed under a pseudonym. Plaintiff is a survivor of severe and repeated childhood sexual abuse and brings claims related to that abuse, including allegations of negligence and related misconduct, against a multi-national religious organization with a substantial global presence. Public disclosure of Plaintiff's identity in connection with these allegations would subject Plaintiff to significant invasion of privacy, stigma, and risk of further emotional harm.

1

## II.    LEGAL STANDARD

Despite the general rule that plaintiffs must disclose their names in filings (Fed. R. Civ. P. 10(a)), the Fifth Circuit permits a party to proceed anonymously in circumstances involving certain interests. *See, e.g. Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981). The Fifth Circuit has advanced "no hard and fast formula for ascertaining whether a party may sue anonymously. The decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 186. A court will consider whether: "(1) plaintiffs seeking anonymity were suing to challenge governmental activity; (2) prosecution of the suit compelled plaintiffs to disclose information 'of the utmost intimacy;' and (3) plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* at 185 (citing *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)).

## III.    ARGUMENT

Without permission to proceed under a pseudonym, Plaintiff will be required to publicly disclose information of the second type contemplated in *Stegall*—information of the "utmost intimacy." 653 F.2d at 185. Specifically, Plaintiff's allegations in this case detail severe and repeated sexual abuses, of a highly personal and sensitive nature, all of which occurred while Plaintiff was a minor. Applying Fifth Circuit precedent, federal courts in Louisiana have repeatedly held that a party's anonymity is appropriate in cases involving allegations of sexual abuse. *See, e.g.*, *Doe v. Louisiana State Univ.*, No. CV 20-379-BAJ-SDJ, 2020 WL 6493768, at *2-3 (M.D. La. June 30, 2020) (permitting both the plaintiff and alleged abuser to be referred to in proceedings by pseudonyms where the proceeding arose out of rape allegations); *Doe v. Adm'rs of Tulane Educ. Fund*, No. CV 23-1348, 2023 WL 12166126, at *2 (E.D. La. Apr. 26, 2023) (permitting

2

Plaintiff to proceed by pseudonym where the litigation "will require the disclosure of private, intimate details concerning their [the accuser and accused's] sexual interactions.").

Furthermore, Plaintiff alleges that her mental health has already suffered greatly as she contends with the traumatic memories of the sexual abuses complained about, even as she does so privately. Publication of her identity in connection with the finer details of her early experiences of sexual abuse would bring serious harm to Plaintiff's well-being—particularly given the inevitable public interest in a case wherein a victim alleges harm by a large religious organization. Moreover, to prove the harm that has resulted from those abuses, Plaintiff has alleged generally and will ultimately disclose specifically personal details of a highly sensitive nature: medical information, such as extensive mental health diagnoses and treatments. Such details will be at the heart of this case.

Requiring Plaintiff to proceed under her true name would create a substantial risk of harm, including but not limited to emotional harm and social stigma resulting from those personal disclosures. *See, e.g.*, *P.A. V. St. Tammany Par. Sch. Bd.*, No. CV 26-199, 2026 WL 864026, at *2 (E.D. La. Mar. 30, 2026) (granting a plaintiff's motion to proceed anonymously where, "Plaintiffs' suit also requires the disclosure of intimate details including . . . mental health diagnoses, treatment history . . . Plaintiffs allege they must raise as part of their claims the tangible effect of Defendant's failures, including trauma . . .").

Defendants will suffer no harm as a result of Plaintiff proceeding anonymously in this litigation. Plaintiff's undersigned counsel will provide the identity of Jane H.C. Doe to all Defendants, subject to the appropriate safeguards. Defendants will therefore be fully able to investigate Plaintiff's claims, conduct discovery, and prepare a defense against the allegations.

Plaintiff seeks only to protect Plaintiff's identity—not to shield the substance of the claims from public scrutiny. The proceedings would remain open and accessible in all other respects. Allowing Plaintiff to proceed anonymously mitigates these risks without impairing the integrity of the proceedings. Plaintiff's privacy interests in this litigation outweigh the presumption of openness in judicial proceedings.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the motion and permit Plaintiff to proceed under a pseudonym.

Respectfully submitted,

Date: May 26, 2026

*/s/ Meredith Clark*

MEREDITH K. CLARK (No. 37441)
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
843-216-9000
Email:   mkclark@motleyrice.com
          cscott@motleyrice.com
          lstemkowski@motleyrice.com
          jtallant@motleyrice.com

*Attorneys for Plaintiff, Jane H.C. Doe*

4