**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

JANE H.C. DOE                                    CIVIL ACTION

VERSUS                                           NO. 26-577-SDD-RLB

JOHN DOE CHURCH, ET AL.

## ORDER

Before the Court are Plaintiff's Motion for Leave to Proceed Under Pseudonym (R. Doc. 3) and Motion for *In Camera* Inspection of Certificates of Merit and for Leave to File Supplemental and Amended Complaint for Damages (R. Doc. 4).

Plaintiff Jane H.C, an adult female, commenced this action anonymously, naming as defendant John Doe Church, John Doe Church Corporation, John Doe Ward 1, John Doe Ward 2, John/Jane Does 1-20, and XYZ Doe Corporations 1-20. (R. Doc. 1, "Compl."). Plaintiff alleges that she was sexual molested and abused as a minor by various leaders and members of her church, including her father, when she attended John Doe Ward 1 in Mississippi and John Doe Ward 2 in Louisiana. (Compl. ¶¶ 13-30). Plaintiff seeks recovery pursuant to Louisiana Civil Code article 2315. (Compl. ¶¶ 35).

Plaintiff filed the instant motions to obtain leave to proceed anonymously and leave to file an amended pleading identifying defendant John Doe Church, John Doe Church Corporation, John Doe Ward 1, and John Doe Ward 2 in accordance with Louisiana Revised Statute 9:2800.9(D).

Having considered the nature of the allegations in this lawsuit, as well as the factors set forth in *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981), the Court concludes that Plaintiff's privacy interest outweighs the openness in judicial proceedings and will allow Plaintiff to

proceed under a pseudonym at this time. *See Doe v. Bd. of Supervisors of Univ. of Louisiana Sys.*, No. 22-338, 2022 WL 17070549 (M.D. La. Nov. 17, 2022).  The Court can revisit this order if an appropriate motion is filed after the Defendants make their appearances.

Plaintiff has identified the Defendants by pseudonyms in the original Complaint to satisfy the requirements of Louisiana Revised Statute 9:2800.9. This Louisiana statute details certain procedures for the filing of sexual abuse claims where a plaintiff of at least twenty-one years of age alleges a claim for sexual abuse as a minor:

> B. Every plaintiff twenty-one years of age or older at the time the action is filed shall file certificates of merit executed by the attorney for the plaintiff and by a licensed mental health practitioner selected by the plaintiff declaring, respectively, as follows:
>
> (1) That the attorney has reviewed the facts of the case, that the attorney has consulted with at least one licensed mental health practitioner who is licensed to practice and practices in this state and whom the attorney reasonably believes is knowledgeable of the relevant facts and issues involved in the particular action, and that the attorney has concluded on the basis of that review and consultation that there is reasonable and meritorious cause for the filing of the petition. The person consulted may not be a party to the litigation.
>
> (2) That the mental health practitioner consulted is licensed to practice and practices in this state and is not a party to the action, has interviewed the plaintiff and is knowledgeable of the relevant facts and issues involved in the particular action, and has concluded, on the basis of his knowledge of the facts and issues, that in his professional opinion there is a reasonable basis to believe that the plaintiff has been subject to criminal sexual activity or physical abuse during his childhood as defined in this Section.
>
> (3) That the attorney was unable to obtain the consultation required by Paragraph (1) because a statute of limitations would impair the action and that the certificates required by Paragraphs (1) and (2) could not be obtained before the impairment of the action. If a certificate is executed pursuant to this Paragraph, the certificates required by Paragraphs (1) and (2) shall be filed within sixty days after filing the petition.

La. R.S. 9:2800.9(B). In addition, the statute provides that the plaintiff may not identify the defendants until the court has determined that "there is a reasonable and meritorious cause for filing of the action" based upon a review of the certificates of merit:

> D. A petition filed pursuant to Subsection B of this Section may not name the defendant or defendants until the court has reviewed the certificates of merit filed and has determined, in camera, based solely on those certificates of merit, that there is reasonable and meritorious cause for filing of the action. At that time, the petition may be amended to name the defendant or defendants. The duty to give notice to the defendant or defendants shall not attach until that time.

La. R.S. 9:2800.9(D).

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (citing *Erie R. Co. v. Thompkins*, 304 U.S. 64, 78 (1938)). It is unclear whether the foregoing requirements constitute state substantive law for the purposes of the *Erie* doctrine. Without deciding whether the foregoing requirements are required in an original filing in federal court, the Court has conducted an *in camera* inspection of the submitted certificates of merit and concludes that there is a reasonable and meritorious cause for filing of this action.[1]

That said, the Court will not allow Plaintiff to file an amended pleading directly into the record to identify certain defendants given the inadequacy of the allegations in support of a finding of complete diversity. Plaintiff must seek leave to file an amended pleading that properly identifies the citizenship of all parties to this action.

First, Plaintiff has not properly alleged her citizenship for the purposes of diversity jurisdiction. Plaintiff alleges that at the relevant times of the underlying incidents, she was "a

---

[1] At least one federal court in Louisiana has stated that a plaintiff's claims are premature and, therefore, subject to dismissal without prejudice, where the plaintiff fails to substitute certificates in compliance with La. R.S. 9:2800.9(B). *See Collins v. Evans*, No. 25-0079, 2025 WL 3698410, at *6-7 (W.D. La. Dec. 3, 2025), *report and recommendation adopted*, 2025 WL 3698405 (W.D. La. Dec. 19, 2025).

resident of the State of Louisiana and the State of Mississippi," and "most recently maintained a residence in the State of Louisiana." (Compl. ¶ 1). With respect to an individual, "[f]or diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). In the amended pleading, Plaintiff must identify her domicile at the time the action was commenced.

Moreover, Plaintiff has not properly alleged the citizenship of defendants John Doe Ward 1 and John Doe Ward 2 for the purposes of diversity citizenship. To be clear, Plaintiff alleges that both John Doe Church and John Doe Church Corporation are incorporated in Utah and have their principal places of business in Utah. (Compl. ¶¶ 3-4). The citizenship of a corporation is determined by its state of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983). Given the foregoing, Plaintiff has sufficiently alleged that both John Doe Church and John Doe Church Corporation are citizens of Utah for the purposes of diversity citizenship.

But it remains unclear whether Plaintiff is alleging that both John Doe Ward 1 and John Doe Ward 2 are also citizens of Utah. Plaintiff merely alleges that John Doe Ward 1 and John Doe Ward 2 are "situated" respectively in Mississippi and Louisiana and are geographical wards of Defendant John Doe Church. (Compl. ¶¶ 6-9). To the extent Plaintiff is alleging that John Doe Ward 1 and John Doe Ward 2 are juridical entities with the capacity to be sued, Plaintiff must identify their citizenship for the purposes of maintaining diversity jurisdiction. In the alternative, Plaintiff must explain why the citizenship of John Doe Ward 1 and John Doe Ward 2 (if they are to remain defendants) should be ignored for the purpose of determining complete diversity.

Finally, Plaintiff also names as defendants John/Jane Does 1-20 and XYZ Doe Corporations 1-20, but does not seek leave to identify these unidentified individuals and

4

corporations. The diversity jurisdiction statute, 28 U.S.C. § 1332(a), "require[s] complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). "For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (quotation omitted). A plaintiff's "[f]ailure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

This is not an action removed from State Court where "the citizenship of defendants sued under fictitious names shall be disregarded" for the purposes of determining complete diversity. *See* 28 U.S.C. § 1441(b). As this is a diversity action originally filed in federal court, Plaintiff must identify the citizenship of all defendants (including fictitiously named defendants) to carry her burden of establishing the existence of diversity jurisdiction. *See Richard v. Doe*, 638 F. App'x 409, 410 (5th Cir. 2016); *see also Starks v. Full House Resorts, Inc.*, No. 15-0027, 2025 WL 605054, at *2 (S.D. Miss. Feb. 25, 2025) ("[W]here a complaint originally filed in federal court based upon diversity jurisdiction names fictitious defendants, it must allege facts indicating whether such defendants are of diverse citizenship"). Accordingly, Plaintiff must either allege the citizenship of defendants John/Jane Does 1-20 and XYZ Doe Corporations 1-20 or remove those fictitious defendants from the proposed amended pleading.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motions (R. Docs. 3, 4) are **GRANTED** to the extent provided below.

**IT IS FURTHER ORDERED** that all parties shall file pleadings, briefing, and other documents into the record by referring to Plaintiff by the pseudonym "Jane H.C. Doe" instead of

5

Plaintiff's full name and other personally identifying information. Defendants shall not disclose any of Plaintiff's personally identifying information or otherwise publicly identify Plaintiff in any forum. After the Defendants make their appearances, the Court can revisit this order if an appropriate motion is filed.

**IT IS FURTHER ORDERED** that, within **14 days** of the date of this Order, Plaintiff shall file her true identity into the record under seal.

**IT IS FURTHER ORDERED** that Plaintiff shall seek leave, within **14 days** of the date of this Order, to file aa Supplemental and Amended Complaint for Damages providing the actual identities of the defendants John Doe Church, John Doe Church Corporation, John Doe Ward 1, and John Doe Ward 2. The proposed pleading shall also properly allege Plaintiff's citizenship (*i.e.*, domicile). In addition, to the extent Plaintiff maintains her action against John Doe Ward 1, John Doe Ward 2, John/Jane Does 1-20, and XYZ Doe Corporations 1-20), Plaintiff shall identify the citizenship of each of these defendants for the purposes of meeting her burden of establishing subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on June 8, 2026.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**