**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JANE H.C. DOE**                                              **CIVIL ACTION**

**VERSUS**                                                     **NO. 26-577-SDD-RLB**

**JOHN DOE CHURCH, ET AL.**

**<u>ORDER</u>**

Before the Court is Plaintiff's Motion for Leave to Supplement and Amend the Complaint. (R. Doc. 11).

Plaintiff Jane H.C, an adult female, commenced this action anonymously, naming as defendant John Doe Church, John Doe Church Corporation, John Doe Ward 1, John Doe Ward 2, John/Jane Does 1-20, and XYZ Doe Corporations 1-20. (R. Doc. 1, "Compl."). Plaintiff alleges that she was sexually molested and abused as a minor by various leaders and members of her church, including her father, when she attended John Doe Ward 1 in Mississippi and John Doe Ward 2 in Louisiana. (Compl. ¶¶ 13-30). Plaintiff seeks recovery pursuant to Louisiana Civil Code article 2315. (Compl. ¶¶ 35).

On June 8, 2026, the Court granted Plaintiff's Motion for Leave to Proceed Under Pseudonym (R. Doc. 3) and Motion for *In Camera* Inspection of Certificates of Merit and for Leave to File Supplemental and Amended Complaint for Damages (R. Doc. 4). (R. Doc. 9).

In doing so, the Court allowed Plaintiff to seek leave to file a Supplemental and Amended Complaint for Damages providing the actual identities of the defendants John Doe Church, John Doe Church Corporation, John Doe Ward 1, and John Doe Ward 2. The Court also required, however, Plaintiff to properly allege her own citizenship (*i.e.*, domicile) and, to the extent Plaintiff maintained an action against John Doe Ward 1, John Doe Ward 2, John/Jane Does 1-20,

and XYZ Doe Corporations 1-20), to identify the citizenship of each of these defendants for the purpose of meeting her burden of establishing subject matter jurisdiction.

Plaintiff has voluntarily dismissed her claims against John/Jane Does 1-20 and XYZ Doe Corporations 1-20. (R. Doc. 10). Accordingly, the sole Defendants remaining in this action are John Doe Church, John Doe Church Corporation, John Doe Ward 1, and John Doe Ward 2.

Plaintiff now seeks to identify John Doe Church as The Church of Jesus Christ of Latter-day Saints ("The Church"), John Doe Church Corporation as Temple Corporation of The Church of Jesus Christ of Latter-day Saints ("Church Corporation"), John Doe Ward 1 as The Church of Jesus Christ of Latter-day Saints, Pascagoula Ward ("Pascagoula Ward"), and John Doe Ward 2 as The Church of Jesus Christ of Latter-day Saints, Denham Springs Ward ("Denham Springs Ward"). (R. Doc. 11-1 at 2-3). In doing so, Plaintiff specifically alleges sufficient jurisdictional facts in support of a finding that The Church and Church Corporation are citizens of Utah. *See* 28 U.S.C. § 1332(c)(1); *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983).

With respect to Pascagoula Ward and Denham Springs Ward, however, Plaintiff only identifies the specific address at which the defendants are physically "situated" as "geographical wards, stakes and areas" of Church Corporation. (R. Doc. 11-1 at 3-4).

The diversity jurisdiction statute, 28 U.S.C. § 1332(a), "require[s] complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). "For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (quotation omitted). A plaintiff's "[f]ailure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th

2

Cir. 1991). As in the first attempt at amendment, Plaintiff has failed to allege the citizenship particulars with respect to (1) herself and (2) the defendants Pascagoula Ward and Denham Springs Ward.

First, Plaintiff alleges that she "currently maintains a **residence** in the State of Louisiana." (R. Doc. 11-1 at 2) (emphasis added). With respect to an individual, "[f]or diversity purposes, citizenship means **domicile**; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted) (emphasis added). "For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *White v. I.N.S.*, 75 F.3d 213, 215 (5th Cir. 1996) (quoting *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). In her renewed proposed amended pleading, Plaintiff must allege the State in which she was **domiciled** at the time the action was commenced, or explicitly state that she was a **citizen** of Louisiana.

Second, Plaintiff alleges the physical locations at which Pascagoula Ward and Denham Springs Ward are "situated." As explained in the Court's previous order, to the extent Plaintiff is alleging that Pascagoula Ward and Denham Springs Ward are separate juridical entities with the capacity to be sued, Plaintiff must identify their **citizenship** for the purposes of maintaining diversity jurisdiction. In the alternative, Plaintiff must explain why the citizenship of these defendants should be ignored for the purpose of determining complete diversity.

In support of her motion, Plaintiff appears to assert that this information has been provided in the proposed amended pleading: "While further investigating the jurisdictional issues outlined in the Order, facts emerged pertinent to the Court's determination of diversity jurisdiction. That information is also included in Plaintiff's proposed Amended Complaint." (R. Doc. 11 at 1). While Plaintiff has indeed provided additional factual allegations regarding the

3

alleged relationship between Pascagoula Ward and Denham Springs Ward and The Church and Church Corporation, the amended pleading does not distinctly and affirmatively allege the citizenship of **Pascagoula Ward** and **Denham Springs Ward**. It remains unclear to the Court whether Plaintiff is seeking to allege that these defendants are also citizens of Utah in light of their relationship with The Church and Church Corporation. If that is the case, Plaintiff should "distinctly and affirmatively" state so.

Plaintiff has not distinctly and affirmatively alleged the citizenship of **Plaintiff**, **Pascagoula Ward**, and **Denham Springs Ward** for the purposes of establishing that there is complete diversity between the parties. Plaintiff can remedy this by refiling her motion with an amended pleading specifically alleging (1) Plaintiff's citizenship, (2) Pascagoula Ward's citizenship, and (3) Denham Springs Ward's citizenship.

Nothing in Plaintiff's allegations shall preclude the defendants from seeking dismissal for lack of diversity jurisdiction if merited. *See* Fed. R. Civ. P. 12(b)(1).

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Supplement and Amend the Complaint (R. Doc. 11) is **DENIED** without prejudice to refile with an amended pleading specifically identifying the citizenship of Plaintiff and the defendants The Church of Jesus Christ of Latter-day Saints, Pascagoula Ward and The Church of Jesus Christ of Latter-day Saints, Denham Springs Ward.

Signed in Baton Rouge, Louisiana, on June 25, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

4